**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUPERT ANYAEGBUNAM,<br><br>*Plaintiff,*<br><br>v.<br><br>ARS ACCOUNT RESOLUTION, LLC, TRANS UNION, LLC, EQUIFAX, LLC, & EXPERIAN, LLC<br><br>*Defendants*. | Civil Action No. 21-13409 (JMV) (JBC)<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Rupert Anyaegbunam seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1-1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** the Complaint without prejudice for failure to state a claim.

**I.     Legal Standard**

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes the inability to pay, and the Court grants the application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

Moreover, because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## II. Analysis

Plaintiff's Complaint refers to an attachment, filed as D.E. 1-3, that alleges that Defendant ARS Account Resolution, LLC ("ARS") has violated Section 1681 of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681; Section 1692 of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692; and Section 227 of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Plaintiff further alleges that Defendants Trans Union, LLC; Equifax, LLC; and Experian, LLC, (collectively the "Reporting Agencies"), have violated Section 1681 of the FCRA.

As to the FCRA claim against ARS, Plaintiff alleges that after ARS "purchased the collection rights to consumer debt in November 2019[,]" ARS "falsely reported incorrect debt information to the national credit reporting agencies including, but not limited to, the incorrect debt amount, account status, and status update." *Id.* at 1. Plaintiff avers that "[t]he debt amount of $1526 reported to national consumer reporting agencies by [ARS] is incorrect." *Id.* Plaintiff then refers to an attached exhibit that appears to be a document generated by ARS; that says that the collection was opened on November 22, 2019; that the "status" is "[s]eriously past due date"; that the balance on the account is $1,526; and that the "[a]ccount information [is] disputed by consumer[.]" D.E. 1-4 at 2.

As to the FDCPA claim against ARS, Plaintiff alleges that in approximately November of 2019, ARS began to call Plaintiff "in an effort to collect the alleged debt." D.E. 1-3 at 2. Plaintiff claims that ARS "unfairly misled" Plaintiff by "not inform[ing] Plaintiff that making a payment to ARS … would reage [sic] the debt which would make the contract invalid." *Id.* Plaintiff further informs the Court that "Defendant has several billing and collections complaints on www.bbb.org[,]" *id.*, and refers to another attached exhibit, which appears to be a printout of those complaints, *see* D.E. 1-4 at 3-16.

As to the TCPA claim against ARS, Plaintiff again states that in approximately November of 2019, ARS began to call Plaintiff "in an effort to collect the alleged debt." D.E. 1-3 at 2. Plaintiff then alleges that "Plaintiff has received over 250 calls from Defendant in an attempt to collect the alleged debt." *Id.* Plaintiff avers that those "excessive calls [have] affected Plaintiff's ability to use their [sic] phone, work and cause emotional and physical distress." *Id.*

As to the FCRA claim against the Reporting Agencies, Plaintiff renews the allegation that ARS "falsely reported incorrect debt information to the national credit reporting agencies including, but not limited to, the incorrect debt amount, account status, and status update." *Id.* at 2. Plaintiff asserts that the Reporting Agencies "failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report." *Id.* Plaintiff adds that "[a]t all times pertinent hereto, the conduct of [the Reporting Agencies], as well as that of their agents, servants and/or employees, were malicious, intentional, willful, reckless, negligent and in disregard for federal law and the rights of Plaintiff." *Id.*

Plaintiff concludes by alleging that because of the Defendant's conduct,[1] "Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from the credit, increased interest rate, loss of loans, humiliation, and embarrassment of credit denials." *Id.* at 3.

Regarding the FCRA claim against ARS, Plaintiff cites 15 U.S.C. § 1681, and the Court assumes that Plaintiff intends to allege that ARS has violated either Section 1681s-2(a)(1)(A) or Section 1681s-2(b)(1).

---

[1] Here, and in other instances in the Complaint, Plaintiff does not specify which Defendant. *See* D.E. 1-3 at 3. Plaintiff is required to clarify the particular Defendant or Defendants to whom he is referring.

Section 1681s-2(a)(1)(A) commands that "[a] person[2] shall not furnish any information relating to a consumer to a consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate[,]" 15 U.S.C. § 1681s-2(a)(1)(A).  As to this provision, Plaintiff cannot maintain an action because "the FRCA prohibits private enforcement of the duties arising under § 1681s-2(a)." *Tauro v. Cap. One Fin. Corp.*, 684 F. App'x 240, 242 (3d Cir. 2017); *see also* 15 U.S.C. § 1681s-2(d).  Accordingly, to the extent Plaintiff's claim relies on this provision, it is dismissed.

Section 1681s-2(b)(1) requires a "person" who has "receiv[ed] notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," to "conduct an investigation with respect to the disputed information[,]" and, if the person concludes that the disputed "information is incomplete or inaccurate," take certain remediable measures.  15 U.S.C. §§ 1681s-2(b)(1)(A)-(E)(1)(iii).  "Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011).  Courts have dismissed cases where the plaintiff failed to plead that a credit reporting agency furnished such notice.  *See, e.g.*, *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) ("[T]he Schianos fail to sufficiently allege that the bank received notice of their dispute from a credit reporting agency, a necessary element under the FCRA."); *Burrell v. DFS Servs. LLC*, 753 F. Supp. 2d 438, 448-49 (D.N.J. 2010).  In sum, to state a claim under Section 1681s-2(b), "a plaintiff must allege that she '(1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the

---

[2] "The term 'person' means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information.'" *Washington v. Freedom Mortg.*, No. 1:20-cv-09332-NLH-AMD, 2021 WL 1100637, at *3 (D.N.J. March 23, 2021) (quoting *Gittens v. Sterling Jewelers Inc.*, No. 15-cv-5872 (KM), 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016)). Here, Plaintiff has not pled that ARS received notice of a dispute from a credit reporting agency. As a result, to the extent Plaintiff's claim relies on this provision, it is dismissed.

Turning to the FDCPA claim against ARS, the Court does not understand the substance of this allegation. Accordingly, the Court is also dismissed.

As to the TCPA claim, Plaintiff alleges that ARS placed over 250 calls to Plaintiff between November of 2019 and July of 2021, compromising "Plaintiff's ability to use their phone, work and caus[ing] emotional and physical distress." D.E. 1-3 at 2. However, "[t]o support a claim under the TCPA, the plaintiff must demonstrate that the nonconsensual call was made using an [automatic telephone dialing system]." *Landy v. Nat. Power Sources, LLC*, No. 3:21-cv-00425, 2021 WL 3634162, at *5 (D.N.J. Aug. 17, 2021). The use of such a device is essential to a TCPA claim. *See, e.g.*, *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167-68 (2021); *Zemel v. CSC Holdings LLC*, No. 18-2340-BRM-DEA, 2018 WL 6242484, at *3 (D.N.J. Nov. 29, 2018). Here, Plaintiff makes no such allegation. Accordingly, and presuming that Plaintiff intends to invoke the prohibitions of Section 227(b)(1)(A) or (B), the Court finds that Plaintiff has not stated a claim under Section 227.

As to the FCRA claim against the Reporting Agencies, the Court believes that Plaintiff means to invoke Section 1681e(b). Section 1681e(b) "requires consumer reporting agencies to 'follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" *Covington v. Equifax Info. Servs., Inc.*,

No. 18-15640-KM-MAH, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) (quoting 15 U.S.C. § 1681e(b)).  A plaintiff must plead the following four elements as to a Section 1681e(b) claim: "(1) inaccurate information was included on his report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of inaccurate information."  *Id.* (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010)).  In addition, "the [FCRA] implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information."  *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (alterations in original) (quoting *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)).  "A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[ ]' effect."  *Schweitzer*, 441 F. App'x at 902 (alterations in original) (quoting *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)).

Plaintiff does not make sufficient allegations to support this claim.  Plaintiff appears to renew an allegation against ARS and accuses "Defendants" (presumably the Reporting Agencies) of failing to "maintain and failed follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report."  D.E. 1-3 at 20.  These threadbare allegations are inadequate.  "[F]ormulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  *See Covington v. Equifax Info. Servs., Inc.*, No. 2:18-15640 (KM) (MAH), 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (denying leave to amend complaint in suit brought under Section 1681e(b) where "the proposed Amended Complaint 'fails to state factually how, why or in what manner' any information Plaintiff disputes is inaccurate."); *cf. Angio v. Trans Union LLC*,

7

784 F. App'x 67, 69-70 (3d Cir. 2019) ("This case presents a different situation from others we have considered in the past[] …. In each of those cases, the plaintiff identified inaccurate information on their reports, such as, respectively, an incorrect identity, an erroneously included tax lien, or a fraudulently opened credit line.  The Anginos identify no such incorrect information here.") (footnotes omitted)).

The Court also notes that the format of Plaintiff's Complaint is deficient.  Pursuant to Federal Rule of Civil Procedure 10, a complaint—like every pleading—"must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation." Fed. R. Civ. P. 10(a).  Additionally, a complaint "must state its claims . . . in numbered paragraphs." Fed. R. Civ. P. 10(b).

Finally, although the Court has reviewed the exhibits submitted as D.E. 1-4, the Court cannot gauge the documents' significance or probity in their current state.  While the first exhibit, D.E. 1-4 at 2, appears to document the fact that Plaintiff has contacted ARS to dispute the "account information," the second exhibit appears to be a list of complaints filed with the Better Business Bureau against ARS and the Reporting Agencies.  *See id.* at 4-35.  Although such documentary evidence could shed light on Plaintiff's claims and help clarify the vagueness of Plaintiff's Complaint, the exhibits standing alone do not aid the Court in interpreting the Complaint.

For the foregoing reasons, the Complaint is dismissed.  When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice; dismissal without prejudice affords a plaintiff with leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002).  A district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile.  *Adams v. Gould, Inc.*,

8

739 F.2d 858, 864 (3d Cir. 1984).  Because Plaintiff is proceeding *pro se*, and is entitled to a more relaxed standard of review than if represented by counsel, the Court will grant an opportunity to amend the pleadings and plausibly allege a cause of action.

### III. Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 13th day of October, 2021

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, D.E. 1-1, is **GRANTED**; and it is further

**ORDERED** that the Complaint, D.E. 1, is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff may file an amended complaint that cures the deficiencies noted herein within thirty (30) days of receipt of this Opinion and Order.  If Plaintiff fails to file an amended complaint within thirty (30) days of receipt, dismissal of this case shall be with prejudice; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by regular mail and by certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.