**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RUPERT ANYAEGBUNAM,

   *Plaintiff*,

  v.

ARS ACCOUNT RESOLUTION, LLC, TRANS UNION, LLC, EQUIFAX, LLC, & EXPERIAN, LLC

   *Defendants*.

Civil Action No. 21-13409 (JMV) (JBC)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

  Plaintiff Rupert Anyaegbunam seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  D.E. 12; D.E. 13.  For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but again **DISMISSES** the Complaint without prejudice for failure to state a claim.

  **I.** **Procedural History**

  Plaintiff filed his initial Complaint and application to proceed *in forma pauperis* on July 7, 2021.  D.E. 1.  On October 13, 2021, this Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed his Complaint without prejudice, finding that that the Complaint failed to state claim upon which relief could be granted.  D.E. 3.  The Court and Clerk's Office thereafter addressed several technical issues with Plaintiff's filings.  *E.g.*, D.E. 6; D.E. 7; D.E. 10.

Plaintiff filed the operative amended complaint on March 13, 2022. D.E. 13. Defendant Equifax, LLC, then made an appearance in the case, answered, and entered a notice of settlement with Plaintiff. D.E. 15; D.E. 18; D.E. 19. No other parties have appeared.

**II.     Legal Standard**

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). This Court has previously determined that Plaintiff may proceed *in forma pauperis*. D.E. 3.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). As a result, a plaintiff must "allege

sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

Moreover, because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III.  Analysis

Plaintiff brings a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* D.E. 13 at 1 ¶ 5.[1] Plaintiff alleges that in 2020, he sent a written communication to Defendant (he does not specify which one) to dispute "the completeness and/or accuracy of a tradeline by ARS Account Resolution, LLC[.]" *Id.* at 1 ¶ 3. He continues that the Defendant "provided, maintained, and published to others" that information. *Id.* According to Plaintiff, the "Defendant negligently and/or willfully failed to follow reasonable procedures to assure maximum accuracy of the date in consumer reports concerning Plaintiff[.]" *Id.* He further accuses Defendant of failing to "investigate, delete, or modify the dispute information," and to respond to Plaintiff's notice of dispute within thirty days. *Id.* As a result, Plaintiff argues, he has suffered $50,000 worth of damages—$45,000 initially "plus $5,000 to date[.]" *Id.* at 1 ¶ 4; *id.* at 2.

---

[1] Because the part of Plaintiff's Amended Complaint in which he asks for damages does not have a paragraph number, the Court uses both page and paragraph numbers for clarity.

Plaintiff again fails to state a claim. First, although the Amended Complaint names three Defendants, Plaintiff does not specify which Defendant committed the underlying conduct. "Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012). A complaint must set "forth what each particular defendant is alleged to have done[.]" *Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015). The Court dismisses the Amended Complaint on this ground.

Regarding the merits of Plaintiff's claims, the Court assumed in its last opinion that Plaintiff meant to sue Defendant ARS under either Section 1681s-2(a)(1)(A) or Section 1681s-2(b)(1) of the FCRA. D.E. 3 at 4. "Notably, however, the FRCA prohibits private enforcement of the duties arising under § 1681s-2(a)." *Tauro v. Cap. One Fin. Corp.*, 684 F. App'x 240, 242 (3d Cir. 2017); *see also* 15 U.S.C. § 1681s-2(d). Additionally, Section 1681s-2(b)(1) requires a "person" who has "receiv[ed] notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," to "conduct an investigation with respect to the disputed information[,]" and, if the person concludes that the disputed "information is incomplete or inaccurate," to take certain remedial measures. 15 U.S.C. §§ 1681s-2(b)(1)(A)-(E)(1)(iii).

"Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). Courts have dismissed cases where the plaintiff failed to plead that a credit reporting agency furnished such notice. *See, e.g.*, *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) ("[T]he Schianos fail to sufficiently allege that the bank received notice of their dispute from a credit reporting agency, a necessary element under the

4

FCRA."); *Burrell v. DFS Servs. LLC*, 753 F. Supp. 2d 438, 448-49 (D.N.J. 2010). Because "Plaintiff ha[d] not pled that ARS received notice of a dispute from a credit reporting agency[,]" the Court dismissed the claim. D.E. 3 at 6. Plaintiff has not pled facts in the Amended Complaint showing that ARS received such notice. Accordingly, the Court again dismisses the claim.

The Court also assumed in the prior opinion that Plaintiff was bringing FCRA claims against the remaining Defendants under Section 1681e(b). D.E. 3 at 6. Section 1681e(b) "requires consumer reporting agencies to 'follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) (quoting 15 U.S.C. § 1681e(b)). A plaintiff must plead the following four elements as to a Section 1681e(b) claim: "(1) inaccurate information was included on his report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of inaccurate information." *Id*. (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010)).

The Court previously dismissed Plaintiff's complaint because it only contained threadbare allegations. D.E. 3 at 7. The Court reminded Plaintiff that "formulaic recitation of the elements of a cause of action will not do[,]" and cited cases emphasizing the need for particularity. *Id.* at 7-8 (quoting *Twombly*, 550 U.S. at 555; *Covington v. Equifax Info. Servs., Inc.*, No. 2:18-15640 (KM) (MAH), 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020); *Angio v. Trans Union LLC*, 784 F. App'x 67, 69-70 (3d Cir. 2019)). Plaintiff's Amended Complaint, however, is another formulaic recitation of the elements of a Section 1681e(b) cause of action. Thus, it again falls short.

5

In sum, the Court finds that Plaintiff has failed to plausibly allege that a Defendant has violated the FCRA and, as a result, dismisses Plaintiff's Amended Complaint. The Court will permit Plaintiff one additional opportunity to file an amending pleading. If Plaintiff's second amended complaint is deficient, however, the Court will dismiss the case with prejudice. Dismissal with prejudice means that Plaintiff will not be able to bring any future action against Defendants based on the allegations in this case

IV.   Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 17th day of May, 2022

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, D.E. 12, is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint, D.E. 13, is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff may file one additional amended complaint that cures the deficiencies noted herein within thirty (30) days of receipt of this Opinion and Order. If Plaintiff fails to file a second amended complaint within thirty (30) days of receipt, or if that second amended complaint still fails to state a claim, this case shall be dismissed with prejudice; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by regular mail and by certified mail return receipt requested.

John Michael Vazquez, U.S.D.J.